UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BONNIE STEARNS-GROSECLOSE,<br><br>    Plaintiff,<br><br>v.<br><br>CHELAN COUNTY SHERIFF'S DEPARTMENT, a division of Chelan County, MIKE HARUM, individually, GREG MEINZER, individually and KENT SISSON, individually,<br><br>    Defendants. | NO. CV-04-0312-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER** |

Before the Court are Plaintiff's Motion to Reconsider (Ct. Rec. 136) and Motion to Expedite Hearing (Ct. Rec. 140). These motions were decided without oral argument. For the reasons stated below, the Court declines to reconsider its summary judgment order.

## DISCUSSION

Plaintiff requests reconsideration of the Court's Order Granting in Part, Denying in Part Defendants' Motion for Summary Judgment, *Inter Alia* (Ct. Rec. 133), based on Federal Rules of Civil Procedure 59(e) and/or 60(b). The Court may reconsider its summary judgment order under either rule. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (*ACandS*). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER \* 1

There may also be other, highly unusual, circumstances warranting reconsideration." *Id*. at 1263 (internal citation omitted).  The Court finds both substantive and procedural grounds to deny Plaintiff's motion.

**I.    Plaintiff's Substantive Argument is Insufficient**

Plaintiff argues that the Court's dismissal of Chelan County was a clear error resulting in manifest injustice.  The Court partially dismissed Defendant Chelan County Sheriff's Office ("CCSO"), finding it was not liable for Plaintiff's claim under 42 U.S.C. § 1983.  Plaintiff states that the Court committed clear error because Chelan County's Civil Service Commission unlawfully delegated authority to Defendant Sheriff Mike Harum to decide whether Plaintiff passed the background investigation and/or Sheriff Harum usurped the Commission's authority to investigate and reject his decision not to transfer Plaintiff.  She asserts she had a clearly established right to a pre-termination hearing before the Commission, this hearing did not occur, and her due process rights were violated.  Plaintiff also maintains that the Commission ratified Sheriff Harum's decision not to transfer her, which also imputes municipal liability under § 1983.

State law outlines the powers and duties of civil service commissions for sheriff's offices.[1]  Wash. Rev. Code § 41.14.060.  The commissions have a duty to "make suitable rules and regulations . . . [that] provide in detail the manner in which examinations may be held, and appointments, promotions, reallocations, transfers, reinstatements, demotions, suspensions, and discharges shall be made,

---

[1] Section 41.14.120 discusses the procedure for removal, suspension, demotion, or discharge of persons in the classified civil service.  Wash. Rev. Code § 41.14.120.  This section does not apply to Plaintiff, however, because she did not have "an absolute right to employment with the County."  *Stone v. Chelan County Sheriff's Dep't*, 110 Wash.2d 806, 809 (1988).  Plaintiff was still required to meet the County's employee qualifications, and therefore, she was in effect, making "an initial application for employment."  *Id*. at 810-11.

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER * 2

and may also provide for any other matters connected with the general subject of personnel administration[.]" *Id.*  The commissions also must "hear and determine appeals or complaints respecting the allocation of positions, the rejection of an examinee, and such other matters as may be referred to the commission." *Id.* Additionally, commissions must "establish eligible lists for the various classes of positions" and "certify to the appointing authority, when a vacant position is to be filled, on written request, the names of the three persons highest on the eligible list for the class." *Id.* Section 41.14.060, therefore, grants broad authority to civil service commissions to promulgate rules they deem suitable and "not inconsistent" with the provisions of the statute. *Id.*

The Chelan County Civil Service Rules, portions of which were filed as exhibit H with Plaintiff's summary judgment brief, provide that the "name of any person may be removed from the eligibility list for . . . the following: . . . i. fails to successfully pass a background investigation." (Pl.'s Ex. H, Rule 10.07).  As the Court discussed at length in its summary judgment order, the requirement of passing a background investigation is also one of the minimum standards and qualifications for employment with CCSO listed in the Rules.  (Defs.'s Ex. 36, Rule 21).  The Civil Service Rules also provide that a person whose name has been withheld from the eligibility list may be restored on successful appeal under certain circumstances, but the appeal must be taken within ten business days after notice of the decision. (Pl.'s Ex. H, Rule 11.05).

These rules indicate that the Chelan County Civil Service Commission promulgated rules in accordance with § 41.14.060, and those rules require all candidates to pass a background investigation.  Nothing in the rules submitted suggests that anyone other than the appointing authority, in this case Sheriff Harum, has the duty or the authority to review the background investigation and decide whether a candidate for a position passes or fails.  It appears as though this process complies with the statutory mandate for civil service commissions in §

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER * 3

41.14.060, and as such, it does not constitute an unlawful delegation or usurpation of authority. Additionally, the Rules provide an appeals process for those candidates who are found ineligible for a position. Plaintiff's exhibit 109 shows that she did not appeal or even give the Commission notice that she disagreed with the decision not to transfer her until February 10, 2004, more than ten days after she received notice of the decision that she failed her background investigation.

Considering the above-outlined civil service rules and statutes, the Court finds it did not commit clear error in its summary judgment order. Plaintiff has not presented new evidence, nor has she demonstrated an intervening change in governing law. Furthermore, no highly unusual circumstances warrant reconsideration in this case. Therefore, the Court declines to reconsider its ruling based on Plaintiff's substantive arguments.

## II.    Plaintiff's Motion is Procedurally Deficient

The Court notes there is an alternative, procedural ground to deny Plaintiff's motion to reconsider. As Defendants point out in their response, the theory Plaintiff asserts in this motion was not plead in her complaint and is, therefore, waived. Plaintiff does not mention the Chelan County Civil Service Commission in her complaint. The causes of action allege wrongful acts either by "Harum, Meinzer and Sisson individually and collectively" or "Defendants, through the acts of Harum, Meinzer and Sisson[.]" Although the Commission is a division of CCSO, Plaintiff did not mention her theory of unlawful delegation of authority to Harum in her brief in support of her cross-motion for summary judgment. Plaintiff does mention the theory in two sentences in her summary judgment reply memorandum, as an alternative to Sheriff Harum's usurpation of authority, but this late expansion of issues beyond those raised in the pleadings and moving papers is improper.

Federal Rule of Civil Procedure 15 permits amendment of pleadings even after trial and judgment if the issues are tried by the express or implied consent of

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER * 4

1 the parties. Fed. R. Civ. P. 15(b). Defendants did not give their express or implied
2 consent here, for they did not have the ability to respond to Plaintiff's reply brief in
3 which the theory was first raised. Moreover, leave to amend shall not be granted
4 when there is undue delay or undue prejudice to the opposing party. *Foman v.*
5 *Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has noted that "late
6 amendments to assert new theories are not reviewed favorably when the facts and
7 the theory have been known to the party seeking amendment since the inception of
8 the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781
9 F.2d 1393, 1398 (9th Cir. 1986). That is the case here. Defendants also would
10 most certainly be prejudiced by this eleventh hour attempt to change the theory of
11 municipal liability.

12 Plaintiff did not argue the theory upon which she bases her motion to
13 reconsider in her earlier pleadings or motions. This failure not only prejudices
14 Defendants, but also is the result of undue delay. The Court would not permit an
15 amendment of pleadings at this late date, and finds this to be an adequate,
16 independent, procedural basis for denying Plaintiff's motion to reconsider.

17 Accordingly, **IT IS HEREBY ORDERED**:
18 1. Plaintiff's Motion to Reconsider (Ct. Rec. 136) is **DENIED**.
19 2. Plaintiff's Motion to Expedite Hearing (Ct. Rec. 140) is **GRANTED**.
20 **IT IS SO ORDERED.** The District Court Executive is directed to enter this
21 Order and forward copies to counsel.
22 **DATED** this 3rd day of February, 2006.

s/ Robert H. Whaley

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2004\Stearns-Groseclose\reconsider.ord.wpd

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER * 5